IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REGINALD LYNN STERLING, )
AIS #139268, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:10-CV-117-TMH
 ) [WO]
 )
BOB RILEY, et al., )
 )
    Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Reginald Lynn Sterling ["Sterling"], a state inmate incarcerated at the Limestone Correctional Facility. In this cause of action, Sterling complains the defendants have acted in direct contempt of a previous consent decree ordered by this court in *Pugh v. Locke*, 406 F. Supp. 318 (M.D. Ala. 1976), *James v. Wallace*, 382 F. Supp. 1177 (M.D. Ala. 1976), and/or *Newman v. Alabama*, 349 F. Supp. 278 (M. D. Ala 1972), regarding prison conditions such as overcrowding and understaffing within correctional facilities operated by the Alabama Department of Corrections ["ADOC"]. Sterling maintains the defendants are violating his right to be free from unconstitutional conditions of confinement due to inadequate funding of the prison system causing increased overcrowding and leading to violence, an inability to provide basic

human necessities and lack of adequate security. Sterling seeks reactivation of previous court orders/consent decrees "due to a special relationship owed" him by this court based on "the ongoing, and continuous unconstitutional confinement conditions" to which he is now subjected. *Plaintiff's Complaint - Court Doc. No. 1* at 13. Sterling requests that the defendants be ordered to show cause why they should not be held in contempt of previous consent decrees with respect to the current state of alleged unconstitutional prison conditions. *Id*. at 33. Sterling names as defendants Governor Bob Riley, all state senators and state representatives, State Revenue Commissioner Tim Russell, State Finance Director Henry Mabry, State Treasurer Kay Ivey, State Comptroller Robert Childree, the Director of the Alabama Department of Economic Community Affairs, Attorney General Troy King, Commissioner Richard Allen, the Alabama Department of Pardons and Paroles, and Director of ADOC Classification Carolyn Golson. Upon review of the pleadings filed in this matter, the court concludes that this case is due to be dismissed prior to service of process.[1]

## II. DISCUSSION

### A. Claims Arising Under Court Orders or Decrees

Sterling complains his rights secured under the Constitution have been violated by the

---

[1] The court granted Sterling leave to proceed *in forma pauperis*. *Court Doc. No. 5*. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

state prison system's failure to dissolve overcrowding in accordance with orders/decrees entered by this court in *Pugh v. Locke*, *supra*, and other related cases. Sterling's claims are based on his belief that the prior injunctive orders issued by this court in *Pugh* and other cases create an independent cause of action. Such allegation, however, fails to state a claim upon which relief may be granted.

On December 28, 1988, this court entered an order and memorandum opinion in *Newman v. Alabama*, Civil Action No. 3501-N, returning control of Alabama's prisons to state officials.[2] This memorandum opinion, in pertinent part, stated as follows:

> There are pending cases in this Court, and presumably in the other district courts in this State, which allege claims directly premised upon violations of the injunctive orders of this Court in this case based on the failure of prison officials to comply with the precise and specific remedial requirements of these orders even if said orders required action which exceeds the requirements of the Constitution. At the risk of closing the barn gate after the horse is out, it is the opinion of this Court that such cases, to the extent they were filed on or after December 3, 1984, and seek [relief] based solely upon violations of this Court's orders, are without merit because as of ... December 3, 1984, the prior injunctions were no longer in effect. To the extent that such cases allege a present violation of the Constitution, they may and should proceed to final adjudication on the basis of the requirements of the Constitution.

*Newman v. Alabama*, Memorandum Opinion, December 28, 1988, at 16. Thus, to the extent Sterling premises his claims upon prior injunctive orders or decrees of this court, these claims

---

[2]The court consolidated *Pugh* and other prison cases which raised similar claims with *Newman*

are due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915 (e)(2)(B)(ii) as they provide no basis on which relief may be granted.³

### B. Claims Presented on Behalf of Other Inmates

Standing is a cornerstone of American jurisprudence on which jurisdiction lies. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction). "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]' *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)." *Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir.1987); *Harris v. McRae,* 448 U.S. 297, 320 (1981) (same).

Standing involves two aspects. The first is the minimum "case or controversy" constitutional requirement of Article III. *Saladin,* 812 F.2d at 690. "To satisfy this

---

³Plaintiff is further advised that remedial orders of a federal court do not create rights enforceable under the Constitution or laws of the United States. *See Green v. McKaskle,* 788 F.2d 1116 (5th Cir.1986); *see also DeGidio v. Pung,* 704 F. Supp. 922 (D.C. Minn. 1989) (agreeing with *McKaskle* ), *aff'd on unrelated grounds,* 920 F.2d 525 (8th Cir. 1990); *Cagle v. Sutherland*, 334 F.3d 980 (11th Cir. 2003) (a violation of a consent decree, standing alone, does not establish a violation of a plaintiff's constitutional rights of a kind actionable under § 1983).

4

'irreducible' constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin,* 812 F.2d at 690, citing *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472 (1982); *Warth v. Seldin,* 422 U.S. 490, 499 (1975). If any element is lacking, a plaintiff's claim is not viable. In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin,* 812 F.2d at 690 (internal citations omitted) ("The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations.... Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

In the instant complaint, Sterling seeks to assert several claims relative to conditions of confinement to which other inmates have been subjected at correctional facilities throughout the Alabama prison system. Sterling lacks standing to assert the constitutional rights of other persons. *Saladin, supra.; Allen v. Wright,* 468 U.S. 737, 751 (1984). The

prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. With respect to the claims arising from alleged violations of other inmates' constitutional rights, Sterling is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of third parties." *Saladin,* 812 F.2d at 690. These claims, therefore, entitle Sterling to no relief.

### C. Request for Class Certification

Sterling seeks to represent the interests of all male inmates confined in prison facilities throughout the State who he believes have been subjected to unconstitutional conditions of confinement and, therefore, requests class certification of this action. The court construes this request as a motion to certify class under Rule 23, *Federal Rules of Civil Procedure*.

Sterling cannot adequately represent the interests of the putative class. Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* litigant may bring his own claims to federal court, he may not litigate the claims of others. *See* 28 U.S.C. § 1654.[4] The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Hummer v. Dalton*, 657

---

[4]28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

6

F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980). The court also finds that, with respect to the claims presented in the instant action, the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Additionally, the questions of fact common to proposed class members do not predominate over such questions affecting projected individual members. Rule 23(b)(3), *Federal Rules of Civil Procedure. See also Inmates, Washington County Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action and finding that "any declaratory relief granted ... would likely inure to the benefit of other similarly-situated individuals" even without granting the request to certify case as a class action). Thus, Sterling's request to certify this case as a class action is due to be denied.

### D. The Remaining Claims

To the extent Sterling seeks to challenge the prison conditions under which he is presently housed, the court concludes that such claims are due to be summarily dismissed. Sterling is presently incarcerated at the Limestone Correctional Facility which is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Any claims presented in the instant complaint which challenge actions taken against Sterling during his confinement at the Limestone Correctional Facility should be

7

dismissed without prejudice to allow the plaintiff an opportunity to file a complaint raising these claims in the appropriate federal court.[5]

### E. Motion for Preliminary Injunction

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Sterling demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175,

---

[5]Although the defendants named to the present action all reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Moreover, the court notes that a majority of witnesses and evidence associated with allegations regarding the conditions of confinement at a penal institution located in the jurisdiction of the Northern District of Alabama would primarily be located in the jurisdiction of the Northern District of Alabama.

179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

Turning to the first prerequisite for issuance of preliminary injunctive relief, it is clear Sterling has failed to demonstrate a substantial likelihood of success on the merits of his claims. Sterling also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. Finally, each of the remaining factors, balancing potential harm to the parties and the public interest element, appear to weigh more heavily in favor of the defendants. Thus, Sterling has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent the plaintiff seeks enforcement of prior orders or consent decrees, all claims related to such orders/decrees be summarily DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. With respect to those claims the plaintiff seeks to present regarding the legal rights or interests of other persons, these claims be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The plaintiff's claims arising from actions taken against him during his incarceration at the Limestone Correctional Facility be DISMISSED without prejudice to the rights of the plaintiff to file a separate 42 U.S.C. § 1983 action in United States District Court for the Northern District of Alabama.

4. The plaintiff's request for class certification be DENIED.

5. The plaintiff's motion for preliminary injunction be DENIED

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before March 3, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of February, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE